IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RENE CARBONELL,                §
                                    §
         Movant,            §
                                    §
v.                                       §            1:25-CV-637-RP
                                    §            [1:23-CR-99-RP]
UNITED STATES OF AMERICA,       §
                                    §
        Respondent.       §

## ORDER

Before the Court is Movant Rene Carbonell's ("Carbonell") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Dkt. 59). Carbonell filed his motion on April 26, 2025. (*Id.*). He subsequently filed a Supplement to Amended Motion to Vacate Sentence Under 28 U.S.C. § 2255, (Dkt. 65), which the Court treated as a motion to amend his § 2255 Motion and granted. (Order, Dkt. 68). The case was referred to United States Magistrate Judge Dustin Howell for findings and recommendations, pursuant to 28 U.S.C. § 636(b). The Magistrate Judge filed his report and recommendation on February 11, 2026. (Dkt. 72). In his report and recommendation, the Magistrate Judge recommends that the Court deny Carbonell's motion and decline to issue a certificate of appealability. (*Id.* at 12). His recommendation of a denial is based on his findings that (1) six of the thirteen grounds for relief Carbonell asserts are impermissible, as they are barred by the waiver of appeal and collateral attack contained in his plea agreement, and (2) Carbonell's claims for ineffective assistance of counsel lack merit. (*Id.* at 4–11). Judge Howell also denied Carbonell's request for an evidentiary hearing on his § 2255 Motion. (R. & R., Dkt. 72, at 2 n.1).

### **Objections to the Report and Recommendation**

Carbonell filed objections to the report and recommendation. (Objs., Dkt. 75). The United States filed a limited response to the Objections, noting that Carbonell's Objections contain multiple "hallucinated" case citations seemingly created by the improper use of generative artificial intelligence.[1] (Resp., Dkt. 76). Carbonell filed a reply in support of his objections. (Reply, Dkt. 77).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Carbonell timely objected to each portion of the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules Carbonell's objections and adopts the report and recommendation as its own order.

### **Appeal of the Hearing Denial**

In his report and recommendation, Judge Howell also denied Carbonell's request for an evidentiary hearing on his § 2255 Motion. (R. & R., Dkt. 72, at 2 n.1). Carbonell's objection to the Magistrate Judge's order denying the evidentiary hearing is considered an appeal of a magistrate judge's order. A district court judge may reconsider any pretrial matter determined by a magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). District courts apply a "clearly erroneous" standard when reviewing a magistrate judge's ruling under the referral authority of that statute. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The clearly erroneous or contrary to law standard of review is "highly deferential" and requires the court to affirm the decision of the magistrate judge unless, based on the

---

[1] The United States "strongly encouraged" the Court to "consider appropriate sanctions against Movant for his repeated use of fictitious and/or misleading citations in documents filed with this Court." (Resp., Dkt. 76, at 4). The Court declines to impose any sanctions.

entire evidence, the court reaches "a definite and firm conviction that a mistake has been committed." *Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous standard "does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently." *Id.* (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)).

Judge Howell states that the "petition and record 'conclusively show that the prisoner is entitled to no relief' on his claims," and therefore denied Carbonell's request. (*Id.*) (citing *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018) (noting that an evidentiary hearing is unnecessary where "the showing consists of mere conclusory allegations or is otherwise inconsistent with the bulk of his conduct" (quoting 28 U.S.C. § 2255(b))). "When the district court has sufficient facts before it to make an informed decision on the merits of the habeas petitioner's claim, it does not abuse its discretion in failing to conduct an evidentiary hearing." *Gallegos v. Quarterman*, 265 F. App'x 300, 303 (5th Cir. 2008) (cleaned up). Given that the Magistrate Judge did not find Carbonell's claims to be meritorious, the Court finds that the denial of an evidentiary hearing was not clearly erroneous or contrary to law.

Accordingly, **IT IS ORDERED** that the report and recommendation of United States Magistrate Judge Dustin Howell, (Dkt. 72), is **ADOPTED**. Carbonell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, (Dkt. 59), is **DENIED**.

**IT IS FURTHER ORDERED** that Judge Howell's denial of an evidentiary hearing on Petitioner's § 2255 Motion is **AFFIRMED**.

**IT IS FINALLY ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on June 30, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE